IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-10002-03-WEB |
| | ) | |
| JOHNNY NGUYEN, | ) | |
| a/k/a "L'il Dog", | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter came before the court on November 24, 2008, for a hearing on the

defendant's objections to the Presentence Report and for sentencing.  The court ruled orally on

the objections at the sentencing hearing.  This written memorandum will supplement the court's

oral ruling.

I. *Objections*.

The defendant objects to the finding in ¶ 113 of the PSR that he is responsible for 9,055

Ecstacy pills.  Defendant argues that he is only responsible for 3,805 pills, which would lower

his applicable guideline range to 63-78 months.[1]  *See* Doc. 344.

Defendant first argues that ¶ 95 of the PSR improperly included 4,000 pills in relevant

conduct.  He says the conversation referred to in that paragraph did not result in any agreement

_____

[1] 3,805 Ecstacy (MDMA) pills x .25 gms/pill = 951.25 gm.  Under the drug equivalency
tables, one gram of MDMA is considered equivalent to 500 gm of marijuana.  Thus, 951.25
grams x 500 = 475625 gm marijuana, or 475.6 kilograms of marijuana, which carries a base
offense level of 28.  With three points off for timely acceptance of responsibility, and a Criminal
History Category of II, the guideline range under defendant's version would be 63-78 months.

to distribute 4,000 pills. Moreover, he points out that the discussion was actually about providing "four," and he argues the PSR improperly construed this to mean four thousand pills.

Defendant next argues that ¶ 102 improperly counted 2,200 pills toward relevant conduct, when the transcript of that conversation shows that only 2,000 pills were available. Defendant argues that only 2,000 pills should be included in this paragraph because that was the amount available for distribution.

Lastly, defendant argues that ¶ 103 improperly includes 2,000 pills in relevant conduct. Defendant complains that "he never agreed with anyone to do anything in this transaction," and says "he merely arrived at the scene after the transaction occurred." Doc. 344 at 3. Defendant argues he should not be assessed any relevant conduct for this transaction.

II. *Findings*.

The defendant Johnny Nguyen pled guilty to Counts 64 and 65 of a Superseding Indictment charging that on July 17, 2007, and July 19, 2007, he used a telephone in facilitating the commission of a felony under the Controlled Substance Act, that is, the possession with intent to distribute and the distribution of MDMA (Ecstacy), in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

Under USSG 1B1.3, the offense level is determined based on all acts committed or aided and abetted in by the defendant and, in the case of jointly undertaken criminal activity, all reasonably foreseeable acts of others in furtherance of the jointly undertaken criminal activity, that occurred during the offense of conviction, in preparation for it, or in attempting to avoid responsibility for it. Additionally, because drug offenses such as this one fall under § 1B1.3(a)(2), all such acts that were part of the same course of conduct or common scheme or

plan as the offense of conviction are considered relevant conduct.

Quantities of drugs not specified in the count of conviction thus may be considered in determining offense level.  USSG § 2D1.1, comment., n. 12.  Where there is no drug seizure or the amount seized does not reflect the scale of the offense, "the court shall approximate the quantity of the controlled substance."  *Id*.  "If the offense involved both a substantive drug offense and an attempt or conspiracy (e.g., sale of five grams of heroin and an attempt to sell an additional ten grams of heroin), the total quantity involved shall be aggregated to determine the scale of the offense."  *Id*.  "In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense."  If, however, the defendant establishes that he did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity of the controlled substance, the court shall exclude the amount the defendant did not intend to provide or was not capable of providing.  *Id*.

At the sentencing hearing, the Government presented testimony from DEA Task Force Agent Karrina Brasser, who was actively involved in the investigation of the case.  She testified on the basis of her experience, including experience making undercover Ecstacy purchases in this and other cases, and based upon her knowledge of statements by cooperating co-defendants. In support of her testimony, the Government introduced transcriptions of three telephone conversations involving the defendant that had been recorded by the Government under a wiretap order (Govt. Exhs. 1, 2, and 3).  The three calls pertain to defendant's challenges to PSR ¶¶ 95, 102 and 103.

With regard to PSR ¶ 95, Agent Brasser testified that in her opinion, the defendant's attempts at getting Alan Nguyen to "do three" and the defendant's statement indicating he has "four" left (PSR ¶ 95; Govt. Exh. 1) referred, respectively, to three and four thousand Ecstacy pills.  Brasser testified this was in keeping with common usage in the Ecstacy trade, including among the member of this particular group.  The defendant argues the statements may have referred simply to three or four individual Ecstacy pills, but that suggestion is refuted both by Brasser's testimony and by the balance of the conversation.  Brasser testified that in her experience individual pills were referred to as "singles" or "samples."  Moreover, it is clear from the conversation that Alan Nguyen had previously obtained samples, which he had given to "six different people to try," but he had only heard back from one and was waiting for more feedback.  Alan Nguyen said he was sure he needs "at least one already," which prompted the defendant to ask if he could "do three," and defendant's subsequent statement indicating that he had "four" left.  Alan Nguyen responded by saying he would pick up "the majority of that," but wasn't sure yet how many.  He noted that although "I pick up at least two, three, four at the same time anyway," he didn't want to "get stuck with a lot of Versaces," which he described as "the sorriest pill [that] ever came around."  Johnny told him to hurry, and Alan assured him he would "grab at least something ... by tomorrow at the latest."  The conversation unquestionably referred to a significant number of Ecstacy pills, not four individual pills.  And considering the totality of circumstances – including the balance of the conversation, the testimony of Agent Brasser, the facts admitted by the defendant in his plea, and the uncontested portions of the Presentence Report – the court is persuaded that the defendant more likely than not was in possession with intent to distribute 4,000 Ecstacy pills on July 10, 2007.  Regardless of the fact that the

participants in this call did not specifically agree upon the number of pills that Alan would purchase, they came to an understanding that he would purchase at least one if not two thousand, and the defendant encouraged him to purchase more, asking him if he could "do three," and telling Alan that he had a total of "four."  *Cf.*  USSG §2D1.1, comment., n. 12 ("*If the offense involved both a substantive drug offense and an attempt or conspiracy (e.g., sale of five grams of heroin and an attempt to sell an additional ten grams of heroin), the total quantity involved shall be aggregated to determine the scale of the offense.*").  The court finds that this attempt by the defendant to sell as many of the 4,000 pills in his possession as he could was part of the same course of conduct or common scheme or plan as the offenses in Counts 64 and 65.  The court further concludes that this amount is properly considered as relevant conduct.  The defendant's own confirmation as to how many Ecstacy pills he had for sale that day is the best and most reliable evidence reflecting the scale of this transaction.

With regard to PSR ¶ 102, defendant argues the transcript of the July 17, 2007, telephone conversation between he and Zach Nguyen shows that he was only capable of delivering 2,000 pills, not the 2,200 requested by Zach.  *See* Govt. Exh. 2.  As the Government pointed out, however, the defendant did not say he could not provide the full 2,200; he merely said he had "two" [i.e., two thousand] pills with him that moment at the pool hall, and that Zach could come by there and pick them up.  The participants likely understood that the defendant could provide the full 2,200, even if he could only provide 2,000 at that moment.  Under the circumstances, the court concludes that the full 2,200 requested by Zach more accurately reflects the scale of the

offense.[2]

Finally, with regard to PSR ¶ 103, defendant contends the 2,000 pills requested and apparently delivered on July 19, 2007 cannot be included in relevant conduct because he was not present when the distribution took place.  This argument is clearly unavailing, as the defendant was jointly involved with Huy Nguyen (aka "Puffy") in arranging the sale.  *See* Govt. Exh. 3. The defendant took the order for the pills and conveyed the price to the buyer, even though he was not present later at Huy's residence when the pills were apparently delivered.  The defendant is responsible for all reasonably foreseeable acts of Huy Nguyen in furtherance of their jointly undertaken activity, including the likely distribution of these 2,000 pills on July 19, 2007.

The Government has shown more likely than not that the transactions described in the Presentence Report were committed by the defendant, or by others with whom he joined in a scheme to distribute Ecstacy, and that the acts were in furtherance of the joint activity and part of the same course of conduct as Counts 64 and 65 of the Indictment.  The Government has also shown that these acts involved the distribution, or an agreement and/or a conspiracy to distribute, more than 9,000 ecstacy pills.  The defendant has not met his burden of showing that he or his associates did not agree to provide, or were not capable of providing, this amount of Ecstacy. Under the circumstances, the court considers the 9,055 pills specifically identified in the Presentence Report to be a conservative estimate of the defendant's involvement in this scheme to distribute Ecstacy pills.  The court therefore finds that the Presentence Report correctly calculated the offense level and the guideline range of 96 months.

---

[2] The court notes that even if 200 pills from the July 17, 2007 incident were excluded, this would have no effect on the advisory guideline range.

III.  *Conclusion*.

Defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this   25th   Day of November, 2008, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge